IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cr-30137-SMY |
| | ) |
| CARL A.C. BRANDON, | ) |
| | ) |
| Defendant. | ) |

## ORDER

**YANDLE, District Judge:**

Defendant Carl A.C. Brandon was sentenced on April 9, 2019, to 151 months imprisonment for possession with intent to distribute methamphetamine (Count 1) and a 120-month concurrent term of imprisonment for possession of a sawed-off shot gun and being a felon in possession of a firearm (Counts 2 & 3) (Doc. 34). He is currently housed at FCI Greenville and his projected release date is August 15, 2029.

Now pending before the Court is Brandon's Motion for Compassionate Release pursuant to the First Step Act of 2018 in which he seeks release due to the COVID-19 global pandemic (Doc. 44). The Federal Public Defender's Office entered an appearance on Brandon's behalf, but ultimately withdrew without filing any Supplemental Motion. The Government has responded in opposition (Doc. 54).

## Discussion

Section 603 (b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the Bureau of Prisons ("BOP") or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). A

defendant seeking compassionate release must first request that the BOP file a motion seeking the same. *Id*. If the BOP declines to file a motion, the defendant may file a motion on his own behalf, provided he has either exhausted administrative remedies or 30 days have elapsed since the warden at his institution received such a request, whichever is earliest. *Id*. The exhaustion requirement is a mandatory claim-processing rule that must be enforced when properly invoked. *See United States v. Sanford,* 986 F.3d 779, 782 (7th Cir. 2021); *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (Noting that the failure to exhaust "presents a glaring roadblock foreclosing compassionate release.").

The exhaustion requirement is designed to allow the Bureau of Prisons to bring "a motion on the defendant's behalf," before he moves on his own behalf. 18 U.S.C. § 3582(c)(1)(A); *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). Therefore, at a minimum, the inmate's request shall include (1) extraordinary or compelling circumstances that the inmate believes warrant consideration; and (2) proposed release plans including where the inmate will reside, how the inmate will support himself/herself, and if it involves health concerns it must also include information on where the inmate will receive treatment and how the inmate will pay for treatment. *Id.*; 28 C.F.R. § 571.61.

With his motion seeking compassionate release, Brandon provided a copy of an email he sent to Warden Williams, which states;

> "Good Morning sir, as you can see my name is Carl Brandon and it was brought to my attention that I had to contact you in order to fill my request. Mr. Williams I ask, if you may on my behalf, put me in for compassionate release due to the corona virus pendemic. If effect the black and brown populations the most and we are all at risk. I appreciate the help. Thank you and God Bless." (Doc. 44, p. 4)

Other than the fact that he is a member of the "black and brown" population, Brandon did not provide the BOP with specific grounds justifying his release. His email is devoid of information

concerning the extraordinary or compelling circumstances he believes warrant consideration and other detailed information concerning his release plans and health care. As such, his email is insufficient to exhaust his administrative remedies as mandated by the statute. *See United States v. Williams*, 987 F.3d at 703; 28 C.F.R. § 571.61.

Accordingly, Defendant's Motion for Compassionate Relief (Doc. 44) is **DENIED without prejudice.**

**IT IS SO ORDERED.**

DATED:  July 1, 2022

STACI M. YANDLE
**United States District Judge**