IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cr-30137-SMY |
| | ) |
| CARL A.C. BRANDON, | ) |
| | ) |
| Defendant. | ) |

# ORDER

**YANDLE, District Judge:**

Defendant Carl A.C. Brandon was sentenced on April 9, 2019 to 151 months' concurrent imprisonment for possession with intent to distribute methamphetamine (Count 1), possession of a sawed-off shotgun (Count 2), and felon in possession of a firearm (Count 3) (Docs. 30, 34). Pursuant to SDIL Administrative Order 362, Federal Public Defender Kim C. Freter entered her appearance on Brandon's behalf to determine his eligibility for a sentence reduction under Amendment 821 (Doc. 62). FPD Freter has now moved to withdraw, asserting that Brandon is ineligible for a sentence reduction (Doc. 63). Brandon has not responded to the motion.

Amendment 821 to the United States Sentencing Guidelines, related to criminal history, became effective on November 1, 2023. Part A of the amendment addresses status points, decreasing them by one point for individuals with seven or more criminal history points and eliminating status points for those with six or fewer criminal history points. Subpart 1 of Part B creates a new § 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. Amendment 821 is retroactive, but a court may not order the release of a

defendant prior to February 1, 2024. *See* Amendment 825 to USSG § 1B1.10, effective November 1, 2023.

When considering a retroactive Guidelines amendment, the Court must first determine a defendant's eligibility for sentence modification and what amended guideline range would have been applicable to the defendant. If a new sentence is authorized under those conditions, the Court, in its discretion, may determine whether a lower sentence within the amended Guidelines range is warranted upon consideration of the factors listed in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826-27 (2010).

Brandon's total offense level at sentencing was 29 and his criminal history category was VI. He was sentenced as a career offender with a Guidelines sentencing range of 151 to 188 months imprisonment. Under Amendment 821, Brandon's criminal history category and sentencing range remain unchanged. Thus, he is not eligible for a sentence reduction.

Accordingly, the motion to withdraw (Doc. 63) is **GRANTED**.

**IT IS SO ORDERED.**

DATED: April 2, 2024

**STACI M. YANDLE**
**United States District Judge**